UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

CASE NO.: 1:25-cv-07426

MARCO VERCH,

        Plaintiff,

v.

MG MILLER INTELLECTUAL PROPERTY LAW LLC,

        Defendant.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

### (INJUNCTIVE RELIEF DEMANDED)

Plaintiff MARCO VERCH by and through his undersigned counsel, brings this Complaint against Defendant MG MILLER INTELLECTUAL PROPERTY LAW LLC for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1. Plaintiff MARCO VERCH ("Verch") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 1202, to copy and distribute Verch's original copyrighted Work of authorship after removal of his copyright management information ("CMI").

2. Verch is a photographer from Cologne, Germany. He has been working as a photographer for many years and enjoys taking pictures of scenery from his travels, sporting events, food, flowers, cars, drones and more. He also takes photos for advertisements and fundraising campaigns.

3. Defendant MG MILLER INTELLECTUAL PROPERTY LAW LLC ("Miller") is a sole practitioner law firm located in New York City, owned and operated by Matthew Gordon Miller, who specializes in patents for the cannabis industry. At all times relevant herein, Miller owned and operated the website located at the internet URL www.mgmiller.legal (the "Website").

4. Verch alleges that Miller copied Verch's copyrighted Work from the internet in order to advertise, market and promote its business activities. Miller committed the violations alleged in connection with its business for purposes of advertising and promoting sales to the public in the course and scope of the Miller's business.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. Miller is subject to personal jurisdiction in New York.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Miller engaged in infringement in this district, Miller resides in this district, and Miller is subject to personal jurisdiction in this district.

## DEFENDANT

9. MG Miller Intellectual Property Law LLC is a New York Limited Liability Company, with its principal place of business at 90 Broad Street, Third Floor, New York, NY, 10004, and can be served at 36 Brookdale Road, Cranford, New Jersey, 07016.

## THE COPYRIGHTED WORK AT ISSUE

10. In 2020, Golib Tolibov created the photograph entitled "Covid-19-vaccine-from-Moderna-Inc-", which is shown below and referred to herein as the "Work."



11. Golib Tolibov transferred all rights in the Work via written assignment to Verch.

12. Verch registered the Work with the Register of Copyrights on December 28, 2020 as part of a group registration. The Group Registration was assigned registration number VA 2-236-273. The Certificate of Registration is attached hereto as **Exhibit 1**.

13. Verch makes his work available via Flickr and a Creative Commons 2.0 License.

14. Verch published the Work on or about December 14, 2020, by displaying it on Flickr at the internet URL https://www.flickr.com/photos/30478819@N08/50714710662/.

15. For a party to be allowed to use a Creative Commons 2.0 License ("CC 2.0"), it is conditioned upon the prospective licensee of the Work attributing the Work to the original owner/claimant of the Work.

16. In part, the CC 2.0 license states, "You must give appropriate credit, provide a link to the license and indicate if changes were made."[1]

17. Verch's display of the Work on Flickr also included CMI next to the Work in the form of Verch's name, the year when the Work was first created, and the link to the licensing terms.

18. Verch's Work is protected by copyright but is not otherwise proprietary, or trade secrets. The perspective, orientation, positioning, lighting, and other details of the Work are entirely original and creative. As such, the Work qualifies as subject matter protectable under the Copyright Act.

19. At all relevant times Verch was the owner of the copyrighted Work.

### INFRINGEMENT BY MILLER

20. Miller has never been licensed to use the Work for any purpose.

21. On a date after the Work at issue in this action was created, but prior to the filing of this action, Miller copied the Work.

22. On or about October 03, 2022, Verch discovered the unauthorized use of his Work on the Website in a blog post entitled "A Key Ruling on Covid-19 Vaccine Technology" posted on February 4, 2022.

23. Miller copied Verch's copyrighted Work without Verch's permission.

---

[1] https://creativecommons.org/licenses/by/2.0/

24. After Miller copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its intellectual property law business.

25. Miller copied and distributed Verch's copyrighted Work in connection with Miller's business for purposes of advertising and promoting its business, and in the course and scope of advertising and selling services.

26. Miller committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

27. Verch never gave Miller permission or authority to copy, distribute or display the Work for any purpose.

28. Verch notified Miller of the allegations set forth herein on January 22, 2025, and February 05, 2025. To date, the parties have failed to resolve this matter.

29. When Miller copied and displayed the Work, Miller failed to provide attribution as required by the CC 2.0 license.

30. Miller's failure to attribute is a violation of 17 U.S.C. § 1202(b) as removal of CMI.

31. Verch never gave Miller permission or authority to remove CMI from the Work.

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT

32. Verch incorporates the allegations of paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. Verch owns a valid copyright in the Work.

34. Verch registered the Work with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

35. Miller copied, displayed, and distributed the Work and made derivatives of the Work without Verch's authorization in violation of 17 U.S.C. § 501.

36. Miller performed the acts alleged in the course and scope of its business activities.

37. Miller's acts were willful.

38. Verch has been damaged.

39. The harm caused to Verch has been irreparable.

## COUNT II
## VICARIOUS COPYRIGHT INFRINGEMENT

40. Verch incorporates the allegations of paragraphs 1 through 31 of this Complaint as if fully set forth herein.

41. Upon information and belief, a third party committed copyright infringement when they copied, displayed, and made derivatives of the Work.

42. Miller has a direct financial interest in the infringing material because it derives profits from the Website displaying the infringed Work.

43. Despite having the ability to stop the infringed Work from being displayed on its Website, Miller allowed the materials to remain up for display.

44. To the extent that the actions described above were performed by the third-party alone, Miller is vicariously liable for the unauthorized copying, display, distribution, and creation of derivative works of the Work without Verch's authorization in violation of 17 U.S.C. § 501.

45. Verch has been damaged.

46. The harm caused to Verch has been irreparable.

## COUNT III
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

47. Verch incorporates the allegations of paragraphs 1 through 31 of this Complaint as if fully set forth herein.

48. The Work at issue in this case requires attribution and contains CMI.

49. Miller knowingly and with the intent to enable or facilitate copyright infringement, displayed the Work on Miller's Website, without any of the attributions in violation of 17 U.S.C. § 1202(b).

50. Miller distributed the Work to the Website knowing that the CMI has been removed or altered without the authority of the copyright owner or the law.

51. Miller committed these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate or conceal infringement of Verch's rights in the Work.

52. Miller caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Verch's rights in the Work.

53. Verch has been damaged.

54. The harm caused to Verch has been irreparable.

WHEREFORE, the Plaintiff MARCO VERCH prays for judgment against the Defendant MG MILLER INTELLECTUAL PROPERTY LAW LLC that:

    a. Miller and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

b.   Miller be required to pay Verch his actual damages and Miller's profits attributable to the infringement, or, at Verch's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

c.   Verch be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d.   Verch be awarded pre- and post-judgment interest; and

e.   Verch be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Verch hereby demands a trial by jury of all issues so triable.

Dated: September 8, 2025                    Respectfully submitted,

*/s/ Rebecca A. Kornhauser*
REBECCA A. KORNHAUSER
Bar Number: 6174387
rebecca.kornhauser@sriplaw.com
JOSEPH A. DUNNE (JD0674)
Bar Number: 4831277
joseph.dunne@sriplaw.com

**SRIPLAW, P. A.**
41 Madison Avenue
25th Floor
New York, New York 10010
646.517.3534 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Marco Verch*